OPINION
{¶ 1} Plaintiff-appellant Marlboro Township Zoning Inspector appeals from the May 12, 2004, Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Eve Michelle Reber.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellee Eve Michelle Reber is the owner of property located at 8696 Allen Drive, N.E., Hartville, Ohio. The property is located within Marlboro Township.
 {¶ 3} On October 6, 2003, appellant Kenneth Shoemaker, as Marlboro Township Zoning Inspector,[1] filed a complaint against appellee in the Stark County Court of Common Pleas. Appellant, in his complaint, alleged that appellee violated Section 702.3 of the Marlboro Township Zoning Resolution by erecting a wall within the required side and rear yard depths for the property; violated Section 602.3 by erecting a wall which exceeds the maximum permissible height "for such construction"; and violated Section 1301.4 by erecting the wall without the required zoning permit.
 {¶ 4} Construction commenced on the subject wall in 1999 after John Tuggle was hired by appellee's father to construct the same. Construction halted due to weather and then resumed for a period of time in 2000. The wall is constructed of eight inch high concrete blocks set on top of a 36" concrete footer poured slightly below the grass line so that dirt and grass could be put over the top. Approximately eight inches, or one block, of the concrete wall is below grade. To date, the wall has not been completed and the present height of the wall exceeds six feet in some areas.
 {¶ 5} Appellee, on November 5, 2003, filed an answer and counterclaim. Appellee, in her counterclaim, alleged that appellant's predecessor-in-interest, in his official capacity as Marlboro Township Zoning Inspector, told appellee's agents and employees that construction of the wall would not violate zoning regulations and, in doing so, made material misrepresentations and that appellant was negligent in making such misrepresentations.
 {¶ 6} Both parties filed Motions for Summary Judgment. Pursuant to a Judgment Entry filed on May 12, 2004, the trial court granted the Motion for Summary Judgment filed by appellee. The trial court, in its entry, also denied in part the Motion for Summary Judgment filed by appellant "as it relates to Plaintiff's [Appellant's] claims and granted such motion "as it pertains to Defendant's [Appellee's] counterclaims."
 {¶ 7} Appellant now raises the following assignments of error on appeal:
 {¶ 8} "I. The trial court erred in granting summary judgment to defendant-appellee on the claim of minimum yard setback violation by appellant.
 {¶ 9} "II. The trial court erred in granting summary judgment to defendant-appellee on the claim of maximum fence height violation by appellant."
 STANDARD OF REVIEW {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 295,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 12} It is pursuant to this standard that we review appellant's assignments of error.
 I {¶ 13} Appellant, in his first assignment of error, argues that the trial court erred in granting summary judgment to appellee on appellant's claim that appellee violated section 702.3 of the Marlboro Township Zoning Resolution.
 {¶ 14} Section 702.3 of the Marlboro Township Zoning Resolution establishes the minimum lot and yard requirements. Pursuant to Section 702.3(E), the minimum rear yard depth is forty (40) feet while pursuant to Section 702.3 (F), the minimum side yard depth is "[t]hirty (30) feet — ten (10) feet minimum on one side." In turn, Section 602.3 of the Marlboro Township Zoning Resolution sets forth exceptions to minimum yard requirements. Such section states, in relevant part, as follows:
 {¶ 15} "Section 602.3 — Exceptions to Minimum Yard Requirements
 {¶ 16} "A. Projections
 {¶ 17} "Required yard areas shall be free from structures except for the ordinary projection of skylights, sills, cornices, chimneys, flues and ornamental features of no more than two (2) feet.
 {¶ 18} "Fences, walls and hedges not exceeding six (6) feet in heightmay be constructed within the required side and rear yard areas. A fence, wall or hedge not exceeding four (4) feet in height may be permitted in a required front yard area. No zoning permits will be required for fences." (Emphasis added.)
 {¶ 19} At issue in the case sub judice is whether the wall in question is, as appellant alleges, "inappropriately located within the required side and rear yard areas as it exceeds six feet high in various spots." There is no dispute that portions of the uncompleted wall are over six feet in height. John Tuggle, who is constructing the wall, testified that he constructed the wall to maintain an even six feet in height when completed. The following testimony was adduced when Tuggle was asked whether any portions of the wall were over six feet at the time of the deposition:
 {¶ 20} "A. Since the wall has not been completed and the grade has not been built back up, yes.
 {¶ 21} "Q. Do you have an idea what portions of the wall might be above the six feet?
 {¶ 22} "A. Probably the bowed section where the grade is probably the lowest.
 {¶ 23} "Q. Would that be behind the house, to the side of the house?
 {¶ 24} "A. Well, it would be on the side of the home, and then there's probably portions of the back wall because of the grade's radical slope there toward the lake.
 {¶ 25} "Q. Had you done any type of landscape grading to build up the ground and reduce the height of the wall?
 {¶ 26} "A. No.
 {¶ 27} "Q. Do you know if any of that has been done?
 {¶ 28} "A. There has not been.
 {¶ 29} "Q. Okay.
 {¶ 30} "A. The wall has not been finished, so subsequently you wouldn't have been doing that now at this stage.
 {¶ 31} "Q. Is this something you had always planned on doing, or have you talked about doing that?
 {¶ 32} "A. Well, it's just like when you build a home. After the home is built, then obviously you back fill and fill back in around it to bring the grade back to the appropriate point. So yes, that would have been dealt with. Just haven't got to that point." Deposition of John Tuggle at 32-33.
 {¶ 33} Furthermore, Kenneth Shoemaker, who was the Zoning Inspector for Marlboro Township at the time the complaint was filed, testified that if dirt was placed on both sides of the wall and the ground was built up so that the wall was no more than six feet in height, the wall would qualify as an exception under Section 602.3. The following is an excerpt from Kenneth Shoemaker's deposition testimony:
 {¶ 34} "Q. All right. If an individual puts soil or mulch or some sort of landscaping and builds up the ground so that the wall is less than six feet in height, is the township satisfied with the height requirement?
 {¶ 35} "A. Are you doing this on both sides?
 {¶ 36} "Q. Wherever the wall is located.
 {¶ 37} "A. If no part of the wall is over that height, then yes.
 {¶ 38} "Q. Okay. I think I misunderstood when you first said both sides. When you say both sides, you don't mean the rear yard and side yard. You meant both sides of the wall?
 {¶ 39} "A. That is correct.
 {¶ 40} "Q. And your answer was if you do it on both sides of the wall, then it would satisfy the height requirement?
 {¶ 41} "A. Yes." Deposition of Kenneth Shoemaker at 21-22. In addition, the following testimony was adduced when Shoemaker was asked whether he knew if any soil or dirt had been put where the wall exists:
 {¶ 42} "A. No.
 {¶ 43} "Q. Okay. And if the wall is less than six feet, would he be in violation of 602.3?
 {¶ 44} "A. If both sides would not be beyond that he would not." Deposition of Kenneth Shoemaker at 57-58.
 {¶ 45} Based on the foregoing, we concur with the trial court that "[g]iven that the project is incomplete and that planned re-grading would alleviate any purported height problem, . . . [appellant] has not violated Section 702.3" From the evidence, the wall, once completely constructed, will be a uniform height of six feet and, therefore, will qualify as an exception to the minimum yard requirements set forth in Section 702.3.[2]
 {¶ 46} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 47} Appellant, in its second assignment of error, argues that the trial court erred in granting summary judgment to appellee on appellant's claim that appellee violated section 602.3 by erecting a wall that exceeds the maximum permissible height "for such construction."
 {¶ 48} As is stated above, Section 602.3 of the Marlboro Township Zoning Resolution states that fences and walls not exceeding six feet in height may be constructed within the required side and rear yard areas. This section establishes exceptions for the minimum yard setback requirements set forth in Section 702.3, cited above. As noted by the trial court, Section 602.3 "does not prohibit fences, walls or hedges from exceeding six feet in height; it merely establishes that fences, walls and hedges exceeding six feet in height would qualify as anexception to the minimum yard requirements in Section 702.3". (Emphasis added). Under the Zoning Resolution, walls exceeding six feet in height must comply with the required yard set backs.
 {¶ 49} Section 702.4 of the Marlboro Township Zoning Resolution states that the maximum height for a structure or building is thirty-five (35) feet. The Zoning Resolution defines a "structure" as "[a]nything constructed or erected, the use of which requires permanent location on the ground or attached to something having a permanent location on the ground, including advertising signs, billboards, farmer's roadside stands, fences, or walls used as fences over twenty-four (24) inches in height." Both parties agree that the subject wall is a "structure." Since there is also no dispute that the wall does not exceed thirty-five (35) feet in height, we concur with the trial court that appellee has not violated the maximum permissible height under the Marlboro Township Zoning Resolution. In other words, if the wall in the case sub judice were to exceed six feet in height, the zoning resolutions violated would be those discussed in the first assignment of error.
 {¶ 50} Appellant's second assignment of error is, therefore, overruled.
 {¶ 51} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] While Kenneth Shoemaker was the Zoning Inspector at the time the complaint was filed, Albert Tracy is the current Zoning Inspector.
[2] We note that, unlike in the case sub judice, in some situations, a project, although incomplete, could never be made to comply with the relevant zoning provisions.